UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG  DIVISION

BEASON, ET AL.                                                                        PLAINTIFF(S)

VERSUS                                                        CIVIL ACTION NO. 2:03CV106KS-JMR

CAPITAL LOANS                                                                        DEFENDANT(S)

**ORDER**

The Court finds in light of representations made by counsel purporting to represent the Plaintiffs in this suit in conferences held on June 23, 2005 and December 6, 2005 that counsel for the Plaintiffs must either file an entry of appearance on behalf of the Plaintiffs in this matter on or prior to December 9, 2005 or this matter may be dismissed for failure to prosecute.

On June 23, 2005, the Court held a hearing wherein Plaintiffs were purportedly represented by Donald Leland because Keith Shelton, counsel of record, is no longer practicing law. The Minute Entry filed regarding this hearing required Plaintiffs to provide information regarding their bankruptcy status within two weeks and the Court ordered counsel to file an entry of appearance on their behalf. Unfortunately, Mr. Leland did not comply with these directions. Subsequently, on December 6, 2005, this Court held a status conference due to the inactivity in this matter, which was noticed on November 10, 2005. At the last moment, Robert Ogletree appeared for the Plaintiffs and represented to the Court that he and Donald Leland would file

an entry of appearance on or prior to December 9, 2005 in compliance with the aforementioned order of the Court.

This Court has authority to dismiss an action for the Plaintiffs' failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash Railroad,* 370 U.S.626(1962); *McCulloughv. Lynaugh* ,835 F.2d1126 (5thCir.1988). The Court must be able to clear its calendars of cases that remain dormant because inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link, supra, 370 U.S.at 630.*  Thus if the Plaintiffs' counsel fail to file an entry  of appearance on or prior to December 9,2005 and/or the Plaintiffs fail to further prosecute this action, this Court may dismiss this matter under Rule 41 (b) of the Federal Rules of Civil Procedure.

SO ORDERED, this the 6th day of December, 2005.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE